UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY WILLIAMS,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, DETECTIVE RUDY
LAHENS, Shield No. 02065, UC #00017, and POLICE
OFFICERS JOHN DOES #1-8 (names and number of
whom are unknown at present), and other unidentified
members of the New York City Police Department,

                              Defendants.

------------------------------------------------------------------------ X

**11 CIV 2619 (JGK)**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

## **PRELIMINARY STATEMENT**

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution.  On or about August 15, 2009, plaintiff, while lawfully sitting in the vicinity of the chess tables in Washington Square Park, New York, New York, was subjected to an unconstitutional arrest, search, and strip search by New York City police officers.  Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable search and arrest of plaintiff.  Further, defendants maliciously prosecuted plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## PARTIES

5. Plaintiff Anthony Williams is a citizen of the United States and a resident of the County of New York, City and State of New York.

6. New York City Police Detective Rudy Lahens, shield number 02065, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

7. On or about August 15, 2009, Detective Rudy Lahens was assigned Narcotics Borough Manhattan South.

8. Detective Lahens is being sued in his individual and official capacity.

9. Undercover Police Officer #00017, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

10. On or about August 15, 2009, Undercover Police Officer #00017 was assigned Narcotics Borough Manhattan South.

11. Undercover Police Officer #00017 is being sued in his individual and official capacity.

12. New York City Police Officers John Doe #1-8 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

13. Police Officers John Doe #1-8 are being sued in their individual capacity and official capacity.

14. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

15. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police

force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## **STATEMENT OF FACTS**

16. On or about August 15, 2009, plaintiff Anthony Williams was lawfully sitting at the chess tables in Washington Square Park, New York, New York.

17. Plaintiff Anthony Williams was approached by several police officers.

18. Plaintiff did not commit any crime prior to being seized by the defendant police officers.

19. Plaintiff was then arrested without probable cause.

20. Plaintiff was transported to a police precinct for arrest processing.

21. Upon arriving at the police precinct, plaintiff was brought to a bathroom and was strip-searched by the defendants police officers.

22. The defendant police officers lacked probable cause and/or reasonable suspicion to believe that plaintiff was hiding any drugs, weapons, or other contraband.

23. The police officers did not find any drugs, weapons or other contraband on plaintiff.

24. Plaintiff was then photographed, fingerprinted, and placed in a holding cell.

25. On or about August 16, 2009, plaintiff was transported to Manhattan Central Booking.

26. On or about August 16, 2009, plaintiff was arraigned in Manhattan Criminal Court and released on his own recognizance.

27. Defendants commenced and continued the prosecution of plaintiff by forwarding false information to the New York County District Attorney's Office.

28. Thereafter, after approximately seven (7) court appearances, all charges against plaintiff were dismissed on or about May 18, 2010.

29. The false arrest, false imprisonment, malicious prosecution, and unlawful strip search of plaintiff by defendants caused plaintiff to sustain physical, psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

30. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned and criminally prosecuted without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest

32. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33. The acts and conduct of the defendants constitute false arrest and false imprisonment under the Fourth Amendment to the United States Constitution.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.  In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

34. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## THIRD CAUSE OF ACTION

## Malicious Prosecution

35. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. The acts and conduct of the defendants constitute malicious prosecution under the Fourth Amendment to the United States Constitution.

37. Defendants commenced and continued a criminal proceeding against plaintiff.

38. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

39. The prosecution and criminal proceedings terminated favorably to plaintiff on or about May 18, 2010.

40. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

41. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## FOURTH CAUSE OF ACTION

## Unlawful Strip Search

42. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. Defendants without an individualized reasonable suspicion that plaintiff was concealing weapons or other contraband based on a crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest searched plaintiff.

44. As a result of the aforementioned conduct of defendants, plaintiff Anthony Williams sustained injuries.

## **FIFTH CAUSE OF ACTION**

### **Failure to Intervene**

45. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

47. Defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints and was unlawfully strip searched.

49. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## **SIXTH CAUSE OF ACTION**

### **Municipal Liability under 42 U.S.C. § 1983**

50. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length herein.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

52. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to policies, customs and practices wherein New York City Police Officers arrest individuals without probable cause, create false versions of events to justify their actions, and to unlawfully strip search individuals.

53. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiffs' constitutional rights as described herein.  As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and prosecuted.

57. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiffs' constitutional rights.

## JURY DEMAND

58. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Anthony Williams shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
             April 12, 2011

                                              By: _____
                                                      ILISSA BROWNSTEIN, ESQ.
                                                      Attorney for Plaintiff
                                                      22 Cortlandt Street
                                                      16th Floor
                                                      New York, NY 10007
                                                      (516) 286-5442